UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
BRIEBUG SOFTWARE, INC.,

                            Plaintiff,

v.

AULT ALLIANCE, INC.,

                            Defendant.
------------------------------------------------------------- x

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

23 Civ. 4369 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       This suit arises out of an alleged breach of an agreement to produce for the defendant a secure online e-commerce marketplace on which third party sellers could engage in transactions using Bitcoin. Suing for claims of breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and quantum meruit, Plaintiff Briebug Software ("Briebug") alleges that Defendant Ault Alliance ("Ault") attempted to improperly terminate the parties' agreement as well as failed to fulfill its payment obligations for completed work. ECF No. 2. In response, Ault moves to dismiss Briebug's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 15. Ault's motion is denied in part and granted in part.

       To successfully move to dismiss a case under Federal Rule of Civil Procedure 12(b)(6), the movant must show that the plaintiff failed to state a claim of relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In a breach of contract case, stating a plausible claim requires a plaintiff to establish the parties' intent to be bound to an agreement. *Vacold LLC v. Cerami*, 545 F.3d 114, 123-25 (2d Cir. 2008). If a plaintiff establishes the existence of a binding contract, a defendant may nevertheless defeat the claim by pointing to language in the agreement that the parties will not be bound in the absence of a "further, definitive agreement." *Id.* at 125.

1

Briebug plausibly establishes the intent of both parties to be bound by the Master Services Agreement ("MSA") and accompanying Statement of Work ("SOW"). First, the MSA, in writing and signed by both parties, stipulates the services Briebug will provide, the schedule on which they will be provided, and the payments Ault will make in exchange for Briebug's services. This agreement covers the details of deliverables, who will be working on them, and when they can be expected. Accordingly, it evinces an intent by the parties to be bound by its terms. Further, the SOW expands on the MSA's terms with concrete dates and expectations for production of the sales platform. Briebug therefore alleges a plausible claim for breach of contract, and the motion to dismiss is denied as to this claim.

The motion to dismiss as to the claims for breach of the covenant of good faith and fair dealing, promissory estoppel, and quantum meruit is granted. Since Briebug is asserting a plausible claim for breach of contract, it cannot recover for breach of the covenant of good faith and fair dealing, promissory estoppel, or quantum meruit upon those same facts. *See Joshi v. Trustees of Columbia University in the City of New York*, No. 21-418 2022 U.S. App. LEXIS 21963, at *4 (2d Cir. Aug. 9, 2022); *Hinterberger v. Catholic Health Systems*, 536 Fed. Appx. 14, 17 (2d Cir. 2013).

The Clerk shall terminate ECF No. 15.

SO ORDERED.

Dated:   March 27, 2024
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2