Revised April 18, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

Briebug Software, Inc.

        Plainiff(s),

-against-

Ault Alliance, Inc.

        Defendant(s).

-------------------------------------------------X

23 Civ. 04369 (AKH) (RFT)

**PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) CONFERENCE**

**Court Expectations**

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Discussion Topics for Rule 26(f) Conference on Judge Tarnofsky's Individual Practices Page.

**Status Update Letters.** After paper discovery is underway and again after the deadline for completing all discovery, on dates set by the court, the parties shall file status letters to confirm that discovery is proceeding as scheduled/is complete.

---

I have reviewed the parties' case management plan and scheduling order. It is GRANTED, with the following modification. The parties shall provide, joint monthly updates on the status of discovery on March 28, 2025, and then on the first of each month, or first business day thereafter, beginning on May 1, 2025 and continuing until the close of all discovery. Accordingly, the initial case management conference is not necessary at this time.

Dated: February 7, 2025
      New York, NY

SO ORDERED

*[signature]*

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

Revised April 18, 2024

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Tarnofsky's Individual Rules, the parties met on** January 22 , 2025 (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

    Plaintiff:
    Claim: Breach of contract.
    Defenses: As to Defendant's counterclaim of breach of contract: invalid termination of the contract, waiver & estoppel, unclean hands, and negligence on the part of Defendant.

    Defendant:
    Counterclaim: Breach of contract
    Defenses: Defendant properly terminated the Agreement; Defendant has made all payments that it was required to make; Plaintiff failed to mitigate damages; Plaintiff is not entitled to recovery of consequential damages pursuant to the Agreement.

2. **Basis of Subject Matter Jurisdiction**

    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

3. **Subjects on Which Discovery May Be Needed**

    Plaintiff(s):
    1. All documents and communications exchanged between Douglas Gintz and any personnel of Defendant (including its predecessor BitNile) regarding the Agreement (as defined in the Complaint) and the project thereunder.
    2. All communications of the Defendant regarding the Agreement with Plaintiff and the project thereunder.

*Revised April 18, 2024*

    3. All documents and communications exchanged between Defendant, its predecessor BitNile, successor Hyperscale Data, Inc., and/or any of Defendant's affiliates regarding the Agreement with Plaintiff and the project thereunder.

<u>Defendant(s):</u>
All documents and communications, in any medium, between Plaintiff and Defendant; Plaintiff's internal communications, in any medium, concerning Defendants; Plaintiff's communications with any third-parties, in any medium, concerning Defendant; Documents sufficient to show all monies expended by Plaintiff in connection with the Agreement and/or the project thereunder; Plaintiff's entire file related to the Agreement and/or project thereunder.

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Plaintiff(s)*** on  or by March 5, 2025 . In addition, on  or by March 5, 2025 , Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Defendant(s)*** on  or by March 5, 2025 . In addition, on  or by March 5, 2025 , Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan: All fact discovery must be completed by  August 5, 2025 . If the parties agree on a schedule that calls for the close of all discovery within four to six months, and the Proposed Case Management Plan meets that goal, then the Court is likely to cancel the initial Case Management Conference unless the parties request that the conference go forward.

*Revised April 18, 2024*

**The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth herein.**

a. <u>Depositions</u>: Depositions shall be completed by June 16, 2025 and limited to no more than 3 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

b. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before March 14, 2025. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

c. <u>Requests for Admission</u>: Requests for admission must be served on or before July 2, 2025.

d. <u>Requests for Production</u>: Initial requests for production were/will be exchanged on March 14, 2025 and responses shall be due on April 2, 2025. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

e. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6.   Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

Plaintiff seeks to limit discovery to issues related to its agreement with Defendant, including the work performed thereunder, Defendant's instructions to Plaintiff, and Defendant's decision to purportedly terminate the agreement. Defendant believes that discovery should be temporally limited to the time period between when the parties first began negotiating the underlying project through and including the date of suit. Defendant recognizes that the scope of discovery is narrow, however, anticipates seeking discovery of other projects that contractors who were assigned to Defendant's project, were also assigned to.

**7.   The parties shall file an update on the status of discovery on [**the following dates**]:**

March 28, 2025; May 1, 2025; June 2, 2025; July 1, 2025; August 1, 2025

Such update shall include: _____.

*Revised April 18, 2024*

**8.  Amendments to Pleadings**

    a.  Are there any amendments to pleadings anticipated? <u>None anticipated as of the date of filing</u>

    b.  Last date to amend the Complaint: <u>30 days after completion of all discovery</u>

**9.  Joinder of Parties**

    c.  Are there other necessary parties that need to be joined? Y / **N**

    d.  Is joinder of other parties anticipated? <u>None anticipated as of the date of filing</u>

    e.  Last date to join other parties: <u>N/A</u>.

**10. Expert Witness Disclosures**

At this time, the parties **do** / do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by <u>September 30, 2025</u>.

**11. Electronic Discovery and Preservation of Documents and Information**

    f.  Have the parties discussed electronic discovery? <u>Yes</u>.

    g.  Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? <u>March 12, 2025</u>.

    h.  Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?
<u>N/A</u>

**12. Anticipated Motions**
The parties anticipate that either side might file a motion for (partial) summary judgment at the conclusion of all discovery.

**13. Certification of Completion of Discovery**

**One week before** the scheduled completion of all discovery, the parties shall file a status letter to confirm that discovery has been completed as scheduled.

Revised April 18, 2024

14. **Early Settlement or Resolution**

The parties (have)/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference/referral to Court-annexed mediation (circle one); by no later than N/A_____.

The following information is needed before settlement can be discussed:
N/A
_____
_____

15. **Trial**

   a. The parties anticipate that this case will be ready for trial by 90 days after completion of discovery or disposition of any summary judgement motion.
   b. The parties anticipate that the trial of this case will require 2-3 days.
   c. The parties request a (jury)/bench (circle one) trial.
   d. The parties consent/(do not) consent (circle one) to Magistrate Judge jurisdiction at this time.

16. **Other Matters**

_____
_____

The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Tarnofsky's Individual Practices Webpage.

Respectfully submitted this 5th day of February, 20 25.

Romano Law PLLC
By: /s/ Siddartha Rao
Counsel for Plaintiff(s)

Weltz Kakos Gerbi Wolinetz Volynsky LLP
By: /s/ Robert B. Volynsky
Counsel for Defendant(s)